Huey Perry FONTENO, Appellant,

v.

STATE of Texas, Appellee.

No. B14–83–431CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 1, 1984.

Discretionary Review Refused
July 18, 1984.

Harry A. Loftus, Jr., Houston, for appellant.

Juliet Swoboda, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Huey Perry Fonteno, appeals from an order revoking his probation for the offense of driving while intoxicated. On August 20, 1982, appellant entered a plea of guilty to the offense of driving while intoxicated. The trial court assessed punishment at 6 months in the county jail, suspended the sentence, placed appellant on probation for 2 years and also assessed a fine of $150.00 which was paid. Among the conditions of probation was the requirement that appellant "(1) [c]ommit no offense against the laws of this state or of any other state or of the United States[.]" On March 29, 1983 appellant was arrested and charged with driving while intoxicated. Based on the March 29th offense, the State filed a motion to revoke probation which was heard on May 31, 1983. The trial court found that appellant had violated the terms of his probation and sentenced him to six months in county jail.

Appellant raises four points of error on appeal. In point of error one he claims that the judgment on which the Motion to Revoke Probation is predicated is fundamentally defective because it fails to affirmatively show a waiver of jury trial. Point of error two asserts that there was no evidence to show that appellant was the person who committed the offense which is the basis of the Motion to Revoke Probation. Appellant's point of error three alleges that there was no evidence to show that he was on probation on the date he is alleged to have violated the terms of probation. Finally, point of error four complains that the judgment revoking appellant's probation cannot support a revocation because it fails to show that appellant committed an act which violated the terms of his probation.

On March 29, 1983, after midnight, police officers observed appellant driving a weaving vehicle without its lights on. The officers followed the vehicle for about a mile until they came to a safe place to pull appellant over. They turned on the siren and continued to follow appellant, who did not pull over until after he had almost hit a guardrail and almost run another car off the road. When Officer Wright approached appellant he saw that appellant, who had gotten out of the car, was staggering and glassy-eyed. Appellant's speech was slurred and his breath smelled of alcohol. The officer testified that he had observed intoxicated people on many occasions, and that in his opinion appellant was intoxicated. Appellant did not take the intoxalyzer test offered him.

At the time of the revocation hearing, appellant was on probation for the offense of driving while intoxicated. After talking with appellant, Tom Jennings of the Harris County Adult Probation Department filed a motion to revoke probation based on appellant's new offense.

Point of error one asserts that the judgment in the case, in which appellant received probation, was fundamentally defective because it failed to show that appellant waived his right to trial by jury. We disagree. Generally, the issue of lack of a waiver of trial by jury on the original charge cannot be collaterally attacked during a proceeding to revoke probation. Tex. Code Crim.Proc.Ann. art. 42.12 § 8(b) (Vernon Supp.1982) provides that "the right of the probationer to appeal ... for a review of the trial and conviction, ... shall be accorded the probationer at the time he is placed on probation." When revocation occurs, "he may appeal the revocation." *See Traylor v. State,* 561 S.W.2d 492 (Tex.

Crim.App.1978); *Minnieweather v. State*, 636 S.W.2d 235 (Tex.App.1982, no pet.). Failure of the record to affirmatively show waiver of jury trial is, however, fundamental error, and can be raised at any time. *See Samudio v. State*, 648 S.W.2d 312 (Tex.Crim.App.1983). In our case, however, appellant's point is without merit. Appellant cites *Samudio* to support his contention that the record does not show a waiver of jury trial. In that case, however, the judgment said only "no jury having been demanded." The Court held that this language was not a waiver of trial by jury, and that no waiver could be inferred from a silent record on a direct appeal. In our case the judgment states "jury having been waived." The record, therefore, shows an express waiver of jury trial. In a collateral attack where the record is not silent, the "presumption of regularity of judgments" applies and absent a showing of harm the judgment will not be set aside. *Ex parte Collier*, 614 S.W.2d 429 (Tex.Crim.App. 1981). We overrule point of error one.

■ In point of error two, appellant complains that the evidence is insufficient because there was no evidence to show that appellant was the person who committed the offense which was the basis of the motion to revoke probation. The finding of a violation of a condition of probation need only be supported by a preponderance of the evidence. *Flournoy v. State*, 589 S.W.2d 705 (Tex.Crim.App.1979). In our case, the evidence was sufficient to support the revocation. Officer Wright testified as follows:

> Q: Did you have an occasion to come into contact with a person that you knew or you later came to know was Huey Perry Fonteno?
>
> A: Yes, sir.
>
> Q: Is that individual in the courtroom today?
>
> A: Yes, sir.
>
> Q: Would you point to him and tell the record what he is wearing sir?
>
> A: Yes. It is this man with the three piece suit on.

Later, Officer Wright referred to appellant as "the violator."

> Q: Is the violator that you are describing the defendant?
>
> A: Yes, sir.
>
> THE COURT: What do you mean by violator?
>
> Witness continuing:
>
> A: The defendant.
>
> Q: Is he the man seated at counsel table?
>
> A: ·Yes, sir.

The appellant was identified then by Officer Wright: by his name, Huey Perry Fonteno; as the individual in the courtroom; by a description of his clothing; as the defendant; as the violator; and as the individual seated at counsel table. Although at no time did the prosecutor request that the record be made to reflect that the person referred to was appellant, we conclude from the totality of the circumstances that the evidence was sufficient to show that Officer Wright was referring to appellant. *See Rohlfing v. State*, 612 S.W.2d 598 (Tex. Crim.App.1981). Furthermore, appellant himself testified that he was arrested on March 29th while driving on the Gulf Freeway. We overrule point of error two.

■ Point of error three asserts that the evidence was insufficient because the State produced no evidence to show that appellant was on probation on the date he was alleged to have violated the terms of probation. We disagree. Tom Jennings of the Harris County Adult Probation Department testified that he first spoke with appellant on September 28, 1982, after appellant received probation, that he subsequently filed a motion to revoke probation, and that appellant was on probation at the time of the revocation hearing. The evidence was sufficient to establish that appellant was on probation on March 29, 1983. We overrule point of error three.

■ In point of error four, appellant claims that the judgment cannot support a revocation of probation because it fails to show that he committed an act which violated the terms of his probation. The judgment states:

> ... defendant has violated the terms and conditions of his probation in that: on

March 29, 1983 the defendant *was charged with* the offense of Driving While Intoxicated in Harris County, cause number 700727 (emphasis ours).

While being charged with an offense is not a violation of the terms of probation, the evidence shows that the trial court found that appellant violated the terms of his probation. After hearing evidence on the Motion to Revoke Probation, the trial court granted the States Motion to Revoke Probation. That motion provided that appellant violated the terms and conditions of his Probation by unlawfully *committing* an offense against the laws of this State by unlawfully committing the offense of Driving While Intoxicated (new cause no. 700727) on or about March 29, 1983 in Harris County, Texas (emphasis ours).

The evidence is sufficient to support revocation of appellant's probation. However, we reform the judgment of the trial court to read:

... defendant has violated the terms and conditions of his probation in that: on March 29, 1983 the defendant committed the offense of Driving While Intoxicated in Harris County, cause number 700727.

Accordingly, we affirm the judgment of the trial court as reformed above.